# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KMART CORPORATION, a Michigan corporation;<br><br>Plaintiff,<br><br>v.<br><br>FOOTSTAR, INC., a New Jersey corporation; LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation;<br><br>Defendants. | Civil Action No. 09 CV 3607<br><br>Magistrate Judge (Consent): Cox |

## KMART CORPORATION'S MOTION FOR JUDGMENT OF DEFAULT AGAINST DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY

Plaintiff Kmart Corporation ("Kmart"), by its attorneys, hereby moves for entry of a judgment of default against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") pursuant to Federal Rule of Civil Procedure 55 and requests that the Court set a hearing for a determination of damages in accordance with FRCP 55(b)(2)(B). In support of its Motion, Kmart states as follows:

1. Under FRCP 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." As demonstrated below, Liberty Mutual has failed to file a responsive pleading in this case, and has failed to defend by not: (1) responding to Kmart's written discovery; (2) serving written discovery of its own; and (3) providing Initial Disclosures as required by FRCP 26(a)(1), among other failures.

2. On June 15, 2008, Kmart filed its original Complaint against Defendant Footstar, Inc. ("Footstar") alleging breach of contract and declaratory judgment. (*See* Docket Entry # 1; ¶ 4 to Affidavit of Paul Walker Bright ("Walker-Bright Aff.") attached hereto as Exhibit A.)

3. On October 30, 2009, Kmart filed its Amended Complaint adding Liberty Mutual as a defendant. The Amended Complaint alleged four counts: (I) breach of contract against Footstar; (II) declaratory judgment against Footstar; (III) breach of contract against Liberty Mutual; and (IV) declaratory judgment against Liberty Mutual. (Docket Entry # 41; Walker-Bright Aff., ¶ 5.)

4. Kmart served the Amended Complaint on Liberty Mutual on October 31, 2009, and requested in an accompanying letter that Liberty Mutual waive service of summons, with a Waiver of Service of Summons form enclosed therewith. (Walker-Bright Aff., ¶ 6.)

5. Liberty Mutual executed a Waiver of Service of Summons form dated November 2, 2009. (Docket Entry # 42; Walker-Bright Aff., ¶ 7.)

6. On December 31, 2009, counsel filed an Appearance in this action on behalf of Liberty Mutual. (Docket Entry # 49; Walker-Bright Aff., ¶ 8.)

7. On December 31, 2009, Liberty Mutual moved to dismiss counts III and IV of Kmart's Amended Complaint pursuant to FRCP 12(b)(6). (Docket Entry # 50; Walker-Bright Aff., ¶ 9.)

8. On February 2, 2010, Kmart moved for leave to file its Proposed Second Amended Complaint. (Docket Entry # 63; Walker-Bright Aff., ¶ 10.)

9. On February 9, 2010, the Court denied Kmart's motion but noted it would consider Kmart's proposed Second Amended Complaint when deciding Liberty Mutual's motion to dismiss. (Docket Entry # 68; Walker-Bright Aff., ¶ 11.)

10. On April 15, 2010, the Court denied Liberty Mutual's motion to dismiss and gave Kmart's leave to file its Proposed Second Amended Complaint. (Docket Entry # 72; Walker-Bright Aff., ¶ 12.)

11. On April 15, 2010, Kmart filed its Second Amended Complaint, which alleges five counts: (1) breach of contract against Footstar; (2) declaratory judgment against Footstar; (3) breach of contract against Liberty Mutual; (4) declaratory judgment against Liberty Mutual; and (5) bad faith conduct against Liberty Mutual. (Docket Entry # 73; Walker-Bright Aff., ¶ 13.)

12. Kmart served the Second Amended Complaint on Liberty Mutual electronically and by regular mail to Liberty Mutual's counsel of record on April 15, 2010. (Docket Entry # 73; Walker-Bright Aff., ¶ 14.)

13. On April 16, 2010, Kmart served Liberty Mutual with Kmart's First Set of Document Requests to Liberty Mutual and Kmart's First Set of Interrogatories to Liberty Mutual by regular mail to Liberty Mutual's counsel of record. (Walker-Bright Aff., ¶ 15.)

14. On May 14, 2010, Footstar filed its Answer and Affirmative Defenses to Kmart's Second Amended Complaint. (Docket Entry # 76; Walker-Bright Aff., ¶ 16.)

15. Pursuant to FRCP 12(a)(4)(A), Liberty Mutual's responsive pleading to the Amended Complaint was due 14 days after notice of the Court's action denying Liberty Mutual's motion to dismiss, i.e., April 29, 2010. As of May 27, 2010, Liberty Mutual has not filed with the Court or served on Kmart a pleading responsive to the Amended Complaint. None of the attorneys listed as counsel for Kmart in this matter have received service of a pleading by Liberty Mutual responsive to Kmart's Amended Complaint, nor been contacted by a representative of Liberty Mutual with respect to a request for an extension of time to file a pleading responsive to Kmart's Amended Complaint, nor been contacted and given an explanation by a representative

of Liberty Mutual for its failure to file a pleading responsive to Kmart's Amended Complaint. (Walker-Bright Aff., ¶ 17.)

16. Liberty Mutual's responsive pleading to the Second Amended Complaint was due on May 3, 2010, calculated as follows: 14 days after service under FRCP 15(a) (April 29, 2010), plus three days for service under FRCP 5(b)(2)(E) (May 2, 2010), and one additional day because the last day of the period fell on a Sunday. *See* FRCP 6(a)(1), (d). As of May 27, 2010, Liberty Mutual has not filed with the Court or served on Kmart a pleading responsive to the Second Amended Complaint. None of the attorneys listed as counsel for Kmart in this matter have received service of a pleading by Liberty Mutual responsive to Kmart's Second Amended Complaint, nor been contacted by a representative of Liberty Mutual with respect to a request for an extension of time to file a pleading responsive to Kmart's Second Amended Complaint, nor been contacted and given an explanation by a representative of Liberty Mutual for its failure to file a pleading responsive to Kmart's Second Amended Complaint. (Walker-Bright Aff., ¶ 18.)

17. Liberty Mutual's written responses to Kmart's First Set of Document Requests and Kmart's First Set of Interrogatories were due on May 20, 2010, calculated as follows: 30 days after service under FRCP 33(b)(2) and 34(b)(2)(A) (May 17, 2010), plus three days for service under FRCP 5(b)(2)(C). *See* FRCP 6(a)(1), (d). As of May 27, 2010, Liberty Mutual has not served on Kmart its written responses to Kmart's discovery requests. None of the attorneys listed as counsel for Kmart in this matter have received service of Liberty Mutual's written responses to Kmart's discovery requests. (Walker-Bright Aff., ¶ 19.)

18. On May 26, 2010, counsel for Kmart called counsel for Liberty Mutual to inform them that Kmart had not received Liberty Mutual's written responses to Kmart's First Set of Interrogatories and First Set of Document Requests, and to ask when Kmart could expect to

receive them. (Walker-Bright Aff., ¶ 20.) Liberty Mutual's counsel responded that they would provide the written responses in approximately two to three weeks (*i.e.*, four to five weeks *after* they were due), and explained that two members of their firm were experiencing some personal issues – a death in the family and knee surgery, respectively. (*Id.*, Exhibit 4.)

19. Counsel's explanation for the failure to respond to Kmart's discovery requests does not excuse that failure for several reasons. First, prior to May 26, 2010, no one representing Liberty Mutual had contacted counsel representing Kmart to ask for an extension of time or inform them of any problems responding to Kmart's discovery requests. It would have been a simple matter to call or e-mail Kmart's counsel prior to May 20, 2010 and request an extension of time. It appears that if Kmart's counsel had not called Liberty Mutual's counsel, no explanation for the failure to respond to Kmart's discovery requests would have been forthcoming. Second, one of Liberty Mutual's attorneys only recently had knee surgery, such that he will be out of the office for "another week to ten days." (*Id.*, Exhibit 4.) No explanation was provided as to why this attorney could not have worked on responses to Kmart's discovery requests prior to his knee surgery. Third, no less than four attorneys have filed appearances on behalf of Liberty Mutual in this case. (Docket Entry # 49, 54, 55, 56.) Liberty Mutual's counsel only provided explanations for why two of the four attorneys did not work on responses to Kmart's discovery requests. No explanation has been provided as to why the other two attorneys representing Liberty Mutual could not have provided responses to the discovery requests. Finally, if Liberty Mutual and its counsel had been diligently attempting to respond to the discovery requests, they would not require another two to three weeks to provide the responses to Kmart. It is apparent that no attempt was made to respond to the discovery requests between April 16 and May 26, 2010. It is simply inexcusable for a party not to attempt to respond to

written discovery requests until after the deadline for responding has expired and opposing counsel contacts them to complain about the failure to respond.

20. Pursuant to FRCP 26(a)(1)(D), Liberty Mutual's FRCP 26(a)(1) Initial Disclosures were due on February 1, 2010, calculated as follows: 30 days after Liberty Mutual was joined in this lawsuit (January 30, 2010), plus two days because the last day of the period fell on a Saturday. *See* FRCP 6(a)(1). As of May 27, 2010, Liberty Mutual has not filed with the Court or served on Kmart its FRCP 26(a)(1) Initial Disclosures. None of the attorneys listed as counsel for Kmart in this matter have received service of Liberty Mutual's Rule 26 Initial Disclosures, nor been contacted by a representative of Liberty Mutual with respect to a request for an extension of time to provide Kmart with its Rule 26 Initial Disclosures, nor been contacted and given an explanation by a representative of Liberty Mutual for its failure to provide Kmart with its Rule 26 Initial Disclosures. (Walker-Bright Aff., ¶ 21.)

21. Pursuant to FRCP 7.1 and Local Rule 3.2(C)(b), Liberty's Mutual's disclosure of corporate affiliates was due on December 31, 2009, when it filed its motion to dismiss. As of May 27, 2010, Liberty Mutual has not filed its Rule 26 Initial Disclosures. (Walker-Bright Aff., ¶ 22.)

22. As of May 27, 2010, Liberty Mutual has not served on Kmart any discovery. (Walker-Bright Aff., ¶ 23.)

23. These facts show that Liberty Mutual has failed to plead or otherwise defend this action, and must therefore be defaulted. Liberty Mutual must be defaulted because its responsive pleading to the Second Amended Complaint was due more than three weeks ago. *See, e.g., Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (denial of motion to

vacate entry of default was proper where defendant had not filed responsive pleading after three weeks had passed from the deadline for filing and had failed to attend status hearing).

24. Liberty Mutual also has failed to defend this action, as it has not responded to discovery, served discovery, or provided its FRCP 26(a)(1) Initial Disclosures. These failings are worse than those in *Pretzel*, where defendant's only failure to defend was its absence from a status hearing. *Pretzel*, 28 F.3d at 45. In the instant case, Liberty Mutual has entirely neglected to participate in discovery, even though the Court ordered that all discovery close on May 28, 2010.

25. Kmart therefore requests that this Court enter a Default Judgment against Liberty Mutual on Counts III, IV, and V of the Second Amended Complaint.

26. Pursuant to FRCP 55(b)(2), Kmart also requests that the Court set a date for a hearing on the issue of damages.

**WHEREFORE**, for the foregoing reasons, Plaintiff Kmart Corporation respectfully requests that this Court: (i) grant its Motion for Judgment of Default; (ii) enter Judgement in favor of Kmart and against Liberty Mutual on Counts III, IV, and V of the Second Amended Complaint; (iii) set a date for a hearing on damages; and (iv) grant Kmart such other and further relief as this Court deems just and proper.

Date: May 27, 2010

Respectfully submitted,

\_\_/s/ Paul Walker-Bright_____
James M. Davis (6226698)
Paul R. Walker-Bright, Esq. (6226315)
Evan T. Knott, Esq. (6277800)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000
Fax: (312) 207-6400

Attorneys for Plaintiff Kmart Corporation

# CERTIFICATE OF SERVICE

I, Noel C. Paul, an attorney of record in this lawsuit, hereby certify that on May 27, 2010, true and accurate copies of the foregoing Kmart Corporation's Motion for Judgment of Default Against Defendant Liberty Mutual Fire Insurance Company were served via United States mail, first class postage pre-paid, and electronically via e-mail, to the following attorneys:

**Attorney for Defendant Liberty Mutual Fire Insurance Company:**

Jay S. Judge, Esq.
Judge, James & Kujawa, LLC
422 North Northwest Highway
Suite 200
Park Ridge, IL 60068
djudge3360@aol.com

**Attorneys for Defendant Footstar, Inc.:**

Thomas W. Starck
Law Offices of Meachum & Starck
225 W. Washington Street, Suite 1400
Chicago, Illinois 60606
(312) 726-6317
Fax: (603) 334-9766
thomas.starck@libertymutual.com

David S. Osborne
Lindsey, Rappaport & Postel, LLC
10 S. LaSalle St.
Chicago, Illinois 60603
(312) 629-0208
dosborne@lrplawfirm.com

                                                          /s/ Noel C. Paul
                                                             Noel C. Paul