UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KMART CORPORATION, a Michigan corporation, | ) ) ) |
| Plaintiff, | ) No. 09 C 3607 ) ) Magistrate Judge Susan E. Cox |
| v. | ) ) |
| FOOTSTAR, INC., a Delaware corporation, and LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") brings a motion to reconsider the Court's opinion of November 2, 2010 (hereinafter "November ruling").[1] Initially, Liberty Mutual brought a motion for a protective order, arguing that it had inadvertently disclosed privileged documents to plaintiff Kmart Corporation ("Kmart") and that Kmart should be compelled to return those documents. We denied that motion because we did not find that Liberty Mutual met the burden outlined in Federal Rule of Evidence 502 for inadvertent disclosure. Now, Liberty Mutual requests that we reconsider that decision. For the reasons stated below, Liberty Mutual's motion to reconsider is denied [dkt. 121].

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence."[2] Here, Liberty Mutual raises six issues that it claims

---

[1] Dkt. 117.
[2] *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)(quoting *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656 (N.D.Ill.1982)).

the Court misunderstood. First, Liberty Mutual states that the Court misunderstood the number and nature of documents it reviewed for privilege when, in our November ruling, we analyzed whether Liberty Mutual took reasonable steps to prevent disclosure. We found it compelling that of the approximately 4,500 documents produced, about 4,200 were public documents from other lawsuits, such as pleadings. This fact came directly from Kmart's brief in response to the motion,[3] and Liberty Mutual did not dispute it in its reply brief.[4] We reasoned, therefore, that only 300 of the documents needed to be reviewed in detail. Now, however, Liberty Mutual states that we somehow "inverted" the numbers and that, in fact, only 300 of the documents were pleadings and the remaining 4,200 documents needed to be reviewed in detail. Regardless of what the parties originally claimed when briefing the motion for protective order, the Court did not believe 4,200 documents were pleadings. The Court simply stated that of the 4,500 documents, it appeared as though only approximately 300 could potentially be privileged. Furthermore, even if Liberty Mutual had 4,200 documents to review in detail, we still find that Liberty Mutual did not demonstrate to the Court reasonable steps to prevent disclosure, as was discussed in the November ruling.

Second, Liberty Mutual argues that the Court misunderstood when we stated that the time-constraint to produce these documents was self-imposed. For support, Liberty Mutual notes that the Court stated in open court that a short time frame to produce the documents was something we should consider. We stated in our opinion that ultimately Liberty Mutual voluntarily agreed to produce the documents and chose to produce the documents without asking for more time. Liberty

---

[3] Pl's opp. to Def's mtn. for protective order at 7 [dkt 107].
[4] *See Def's reply* [dkt. 109].

Mutual asserts that it produced these documents voluntarily only because the Court suggested that it was inclined to grant Kmart's motion to compel.

Whether the Court would have granted Kmart's motion to compel is not the issue. Ultimately, Liberty Mutual produced these documents voluntarily. More importantly, Liberty Mutual produced the documents in a week's time. It did not request more time from Kmart, and the Court did not require the documents be handed over immediately, or at all. Liberty Mutual maintains that it did not ask Kmart for more time because, essentially, Kmart had been less flexible on other occasions. However, if Liberty Mutual required more time to review the documents thoroughly and Kmart would not comply with this request, then Liberty Mutual could have sought the Court's assistance. Liberty Mutual should not have assumed that they were under such a time constraint. Therefore, the Court still finds Liberty Mutual's time constraint argument unavailing. Furthermore, while the Court stated a short time frame is something to consider when analyzing Rule 502, that statement was made before the Court was aware of all the facts. A short time frame is relevant to a Rule 502 analysis, but that fact is less compelling when it is self-imposed.

Third, Liberty Mutual argues a personal review by its attorney is sufficient, and that the Court was mistaken by requiring more. But we did not state in our November ruling that Liberty Mutual was required to use a software or records management system in its review. We held only that Liberty Mutual had not presented enough facts for the Court to ascertain that review of the documents was sufficient. A software or records management system was merely an example. Simply stating that an attorney reviewed the documents would reduce Rule 502(b)(2) to a mere formality.

Fourth, Liberty Mutual argues that the Court is mistaken about the disclosure of the October

30, 2009 letter at the Aurichio deposition. In our November ruling, we found it compelling that this letter was entered into evidence, yet Liberty Mutual did not object. Now Liberty Mutual states that the contents of the letter were not revealed at the deposition and that the letter was marked as an exhibit only for the record. Liberty Mutual states that Kmart did not inquire about the contents of the letter because the parties had agreed, during a noon conference off the record, to refrain from inquiring about the actual contents in the letter. However, as we discussed in our opinion, there is no record of the noon conference, yet Liberty Mutual continues to rely on this conference. Furthermore, as Kmart states, it seems more likely to the Court that Kmart did not inquire further about the letter because Ms. Aurichio stated that she had never seen the letter before. The important fact, and one that we have already noted in our November ruling, is that the letter was entered into evidence and Liberty Mutual's counsel did not object.

Fifth, Liberty Mutual states that its motion for a protective order was promptly filed to correct the inadvertent disclosure. We found that Liberty Mutual did not promptly rectify the error, partly, because it waited twelve days to file its motion for a protective order. Liberty Mutual now cites to cases where courts found that waiting eight, nine, ten, and even eleven days to file a motion was still prompt.[5] However, we find those cases distinguishable because the document production in those cases was much larger. Furthermore, Liberty Mutual suggests that its response was prompt because it had no way of knowing that Kmart would use the confidential materials in another case. Liberty Mutual states that as soon as it learned of this use, it immediately filed its motion. However,

---

[5] *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371 (7th Cir. 2008)(finding 10 or 11 days prompt when 30 or 40 boxes were disclosed); *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 2905474 (D.N.J. Sept. 9, 2009)(finding 8 days prompt when 45,000 documents were disclosed); *Sanner v. Board of Trade of City of Chicago*, 181 F.R.D. 374 (N.D.Ill. Jul. 8, 1998)(finding 9 days prompt when 20,00 documents were disclosed).

Liberty Mutual does not get to seek return of confidential documents because Kmart is using them in a manner it does not like. Instead, Rule 502 permits the return of privileged documents that were accidently disclosed.[6] The documents do not become privileged based on the manner that Kmart uses them.

Finally, Liberty Mutual's sixth point of contention is that Kmart was required to notify Liberty Mutual about the potential inadvertent disclosure under Federal Rule of Civil Procedure 26(b)(5)(B) and Illinois Rule of Professional Conduct 4.4(b). However, we can expect Kmart to notify Liberty Mutual of an inadvertent disclosure only when Kmart has reason to know that the disclosure was inadvertent. We do not think that simply because the documents were labeled as privileged means that Kmart should have known documents were inadvertently disclosed. As we noted in our opinion, Liberty Mutual conceded in its reply brief that, "[n]ot all entries in the Claim Notes which are captioned 'Attorney-Client Privileged' are actually privileged...."[7]

Therefore, for the reasons stated, Liberty Mutual's motion to reconsider is denied [dkt. 121].

**IT IS SO ORDERED**.

**ENTERED: December 2, 2010**

                    **SUSAN E. COX**
                    **United States Magistrate Judge**

---

[6] Fed. R. Evid. 502.
[7] Def's reply ¶14.