# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3607 | **DATE** | 12/8/2010 |
| **CASE TITLE** | Kmart Corporation vs. Footstar, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant Footstar's motion to compel [119] is granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Defendant, Footstar Inc. ("Footstar"), brings a motion to compel discovery from plaintiff, Kmart Corporation ("Kmart"). Briefly, Kmart seeks indemnification from Footstar and Footstar's insurer, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), for an underlying personal injury lawsuit that Kmart ultimately settled. In this motion, Footstar seeks documents and deposition testimony regarding Kmart's handling of the underlying personal injury suit and, specifically, information regarding when Kmart became aware of possible Footstar liability for the underlying claim. Footstar seeks this information to support its affirmative defense that Kmart did not notify Footstar of the underlying suit in a timely manner. Kmart claims this information is privileged. For the reasons stated below, the motion to compel is denied in part and granted in part [dkt. 119].

First, Footstar seeks a memorandum (Bates numbers: KPAT01632-01635) and an investigation report (Bates number: KPAT03095). Kmart initially withheld these documents claiming that they were protected by the attorney-client and work product privileges but now offers to provide redacted versions of these documents

that disclose the factual information, but not the legal analysis of these facts. Whether Footstar objects to this compromise is unclear. However, Footstar initially argued that Illinois law prohibits Kmart from asserting both of these privileges in this case, pointing to the holding in *Waste Management Inc. v. Int'l Surplus Lines Ins. Co.* in support of its position.[1] In *Waste Management,* the court held that in subsequent coverage litigation an insured could not claim privilege over documents that were created by the insured's counsel during the underlying litigation.[2] The Court based its conclusion on the common interest doctrine and concluded that the attorney for the insured acted "for the mutual benefit of both the insured and the insurer."[3] Equally compelling to the court was a "cooperation clause" in the coverage agreement.[4] However, we find the facts in *Waste Management* distinguishable from the facts in this case. Here, we are presented with adversaries: Footstar alleged in its answer to the underlying complaint that Kmart was the negligent party.[5] During the underlying lawsuit, Kmart attorneys were not "acting for the mutual benefit" of Foostar, but, instead, acting only for the benefit of Kmart. Footstar has also not cited to a similar cooperation clause that was present in the *Waste Management* coverage agreement. Furthermore, even if we believed the *Waste Management* holding to be applicable here,[6] it would not apply to the work product privilege because federal law, not state law, governs the applicability of the work product doctrine.[7] Under Federal Rule of Civil Procedure 26, Footstar must demonstrate "substantial need" for work product materials.[8] Footstar has not demonstrated that need. Instead, Kmart has agreed to provide redacted versions of the documents that disclose factual information, which Footstar needs to develop its defense. So long as Footstar is provided with the facts from these documents, we do not think that Footstar is prejudiced and, therefore, Footstar has not demonstrated substantial need to obtain the redacted portions at this time.

Second, Footstar seeks the name of the recipient of an email (Bates number: KPAT08354), which has already been disclosed. Kmart, however, asserts that it has reviewed the email and that the email does not contain the name of the recipient. If Kmart does not posses a copy of the email with the recipient's name, there is nothing for the Court to compel. However, Footstar may discover the name through deposition testimony or other discovery means.

## STATEMENT

Third, Footstar requests that we order Kmart to identify a Federal Rule of Civil Procedure 30(b)(6) witness and that we order Kmart to withdraw its objections to certain deposition topics. Kmart states that since the filing of this motion it has identified a witness and that it will amend its responses and objections to the deposition topics at issue. Therefore, this portion of the motion is moot.

Finally, Footstar broadly requests that we order Kmart to submit all documents contained in its privilege log to the Court for an *in camera* examination. However, Footstar does not state a specific reason for this request. The Court does not make it a common practice to review voluminous discovery without a compelling justification. Therefore, this request is denied.

For the foregoing reasons, Footstar's motion is granted in part and denied in part [dkt 119].

1. 579 N.E.2d 322 (Ill. 1991).

2. *Waste Management, Inc.,* 579 N.E.2d at 331-32.

3. *Id.* at 328-29.

4. *Id.* at 327-28.

5. Pl's Opp'n Br., Ex. J [dkt. 130-1].

6. We also note that federal courts have criticized the holding in *Waste Management. See Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 523 (E.D. Cal., Mar. 30, 2010)*; Fugro-McClelland Marine Geosciences, Inc. v. Steadfast Ins. Co.*, No. H-07-1731, 2008 WL 5273304 at *4 n. 12 (S.D. Tex. Dec. 19, 2008); *In re Imperial Corp. of America*, 167 F.R.D. 447, 452 (S.D. Cal. Feb. 15, 1995).

7. *See Beloit Liquidating Trust v. Century Indem. Co.,* No. 02-50037*,* 2003 WL 355743 at *11-12 (N.D. Ill. Feb. 13, 2003).

8. Fed. R. Civ P. 26(b)(3).