Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3607 | **DATE** | 2/15/2011 |
| **CASE TITLE** | Kmart Corporation vs. Footstar, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant Liberty Mutual Fire Insurance Company has filed a motion to bifurcate any further discovery of plaintiff Kmart Corporation's bad faith claim and proceed first with whether Liberty Mutual has a duty to defend. Defendant Footstar, Inc. joins in Liberty Mutual's motion and has filed a separate brief in support. Upon review of the parties' arguments, we find that there are limited benefits to bifurcation at this point in the litigation. Liberty Mutual's motion is, therefore, denied [dkt. 140]. The Court will consider this motion, and Kmart's previous motion to compel and for sanctions [dkt. 136] as having the effect of staying discovery until the matters were resolved by the Court. The previous discovery cutoff of January 14, 2011 is, therefore, stricken and discovery is extended to March 18, 2011.

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") has filed a motion to bifurcate any further discovery of plaintiff Kmart Corporation's ("Kmart") bad faith claim and proceed first with whether Liberty Mutual has a duty to defend.[1] Defendant Footstar, Inc. ("Foostar") joins in Liberty Mutual's motion and has filed a separate brief in support. Upon review of the parties' arguments, we find that there are limited benefits to bifurcation at this point in the litigation. Liberty Mutual's motion is, therefore, denied [dkt. 140].

Under Federal Rule of Civil Procedure 42(b), courts are permitted to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize."[2] Whether bifurcation would be beneficial is in the Court's discretion, and the party seeking bifurcation bears the burden to demonstrate that judicial economy would be served and that no party would be prejudiced.[3]

As background, Footstar operates the shoe departments in various Kmart stores throughout the country. As a condition of that arrangement, Footstar is required to carry general liability insurance. In this lawsuit, Kmart alleges that Footstar, and its insurer Liberty Mutual, owed Kmart a duty to defend and indemnify in a personal injury lawsuit that Kmart ultimately settled ("underlying suit"). Kmart now seeks the settlement amount and attorney fees and, as noted, claims bad faith. In support of its bad faith claim, Kmart has sought - and already received - discovery on four separate, but similar, personal injury cases involving these same three parties: Kmart, Footstar, and Liberty Mutual.

Liberty Mutual's principle argument for bifurcation is to preserve judicial economy. Because Kmart's bad faith claim would be extinguished automatically if there is a determination that Liberty Mutual properly denied coverage, then Liberty Mutual argues that any additional discovery on bad faith now would simply be

| STATEMENT |
|---|

superfluous.[4] If we determined that Liberty Mutual owed Kmart coverage, the parties would then proceed with the bad faith discovery thereafter.

But Liberty Mutual's version of what discovery remains with respect to Kmart's bad faith claim is distinctly different from Kmart's description. For the first time, Liberty Mutual claims that 21 depositions will still need to be taken, whereas Kmart asserts, as was previously discussed in court, that only the completion of Liberty Mutual's 30(b)(6) witness is required.[5] And in making this claim for discovery, Liberty Mutual fails to convince us that, indeed, 21 additional depositions would be warranted. It seems that Liberty Mutual now believes they need to assess any potential bad faith in the other four underlying cases, and to do so they need several depositions, of multiple people, from each of those cases. But, as Kmart explains, it plans to use those four similar cases to show a possible distinction between the handling of those cases as compared to Liberty Mutual's handling of the underlying case relevant here. There has never been a discussion of the need to assess whether there was actual bad faith in those other cases, nor does the Court believe that to be necessary here.

The parties also engage in a substantial discussion about what this Court may consider when interpreting the language of the underlying policy and whether the discovery relating to these other personal injury cases is relevant to the duty to defend analysis. Rather than reaching substantial legal conclusions as to the discovery's relevance - or lack thereof - on a motion to bifurcate, we find it more prudent to continue with the original discovery plan, which, as noted by Kmart, should not entail significantly more time.

As a final point, the parties mentioned the issue of Sally Rock's deposition, a former Kmart employee. This is a deposition that Footstar recently noticed and had scheduled for a date after the close of discovery. Kmart argued that it may object to the deposition going forward. We do not reach this issue now, however, and find that a decision as to her deposition does not effect our determination on bifurcation.

We conclude that bifurcation, considering what discovery remains, would not "be conducive to expedition and economy..."[6] Bifurcation is only appropriate when there is no prejudice to the nonmoving party, which, in this case, is Kmart.[7] It has, however, been nearly one year since Kmart filed its bad faith claim, and discovery was already set to close days after Liberty Mutual filed its motion.[8] At this point in the case judicial economy is not necessarily served by stopping discovery that has, essentially, nearly been completed.

The Court will consider this motion, and Kmart's previous motion to compel and for sanctions [dkt. 136] as having the effect of staying discovery until the matters were resolved by the Court. The previous discovery cutoff of January 14, 2011 is, therefore, stricken and discovery is extended to March 18, 2011.

---

1. Dkt. 73, Second Amended Compl., Count V.

2. Fed. R. Civ. P. 42(b).

3. *General Citrus Intern. Inc. v. Remien*, No. 04 C 6402, 2009 WL 2409580, at *2 (N.D. Ill. Aug. 5, 2009).

4. *See Purdy Co. of Illinois v. Transportation Ins. Co., Inc.*, 568 N.E.2d 318, 324 (Ill.App.Ct. 1st Dist. 1991)(rendering the issue of bad faith on the part of defendant moot when summary judgment was granted on the duty to defend claim).

5. *See* dkt. 144.

6. *MCI Communications v. American Tel. & Tel. Co.,* 708 F.2d 1081, 1166 (7th Cir. 1983).

7. *See Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir.2000).

8. Dkt. 131.