IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KMART CORPORATION, a Michigan corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>FOOTSTAR, INC., a Delaware corporation, LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,<br><br>      Defendants. | No. 09 CV 3607<br><br>Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

  This is a breach of contract, insurance coverage, and declaratory judgment action based on an underlying lawsuit. In that suit, a shopper of plaintiff Kmart Corporation ("Kmart") was struck by a stroller that fell off a shelf while being assisted by an employee of defendant Footstar, Inc. ("Footstar"). We previously ruled on cross motions for summary judgment finding that the indemnification obligation of Footstar and its insurer depended upon a factual determination of the relative fault of Footstar in causing the injury to the Kmart shopper. A trial is set to determine that issue. First we must address Footstar's three motions in limine: (1) to bar mention of insurance or indemnity; (2) to bar admission by Kmart of depositions from the underlying case; and (3) to bar lay opinion testimony regarding fault. Also before us are Kmart's three motions in limine to allow Kmart to introduce into evidence those same depositions from the underlying case and to preclude Footstar from asserting that the absence of any witness not called to testify is evidence of any fact.

  For the reasons stated, we deny Footstar's motion in limine to bar admission by Kmart of depositions from the underlying case [dkt. 288] and grant Kmart's motions in limine to allow the

Patrick depositions [dkt. 285] and the deposition testimony of Alex Sehat and Maribel Hohney [dkt. 289]. We also grant Footstar's motion in limine to bar mention of insurance or indemnity [dkt. 286] and its motion to bar lay opinion testimony regarding fault [dkt. 290]. Finally, we grant Kmart's motion in limine to bar reference to witnesses not called to testify [dkt. 292].

**I.       Prior Deposition Testimony**

There were four witnesses to the underlying accident: the woman who was injured, Judy Patrick, her daughter Tina Patrick, Footstar employee Alex Sehat and Kmart employee Maribel Hohney. None of these individuals are apparently able to attend the trial because, first, Judy Patrick is now deceased and, second, the other individuals are more than 100 miles from the place of trial and would not be susceptible to service of subpoena under Federal Rule of Civil Procedure 45(b)(2). Kmart argues that these depositions should be introduced at trial and Footstar argues that these depositions are inadmissible because a representative of Footstar was not present when the depositions were taken.

The parties both stress the application of Federal Rul e of Civil Procedure 32 in this analysis. That rule governs the use of all or part of a deposition at trial and allows the use of a deposition if the following elements are met: the party was present or represented at the deposition, or had notice of it; the deposition is used in a manner that complies with the Federal Rules of Evidence if the deponent were present and testifying; and "the use is allowed by Rule 32(a)(2) through (8)."[1] Footstar argues that the first element was not met because it was not present at the depositions and was not, at that time, given notice of those depositions.

Because notice is an element to this inquiry, we first review the timeline of events. The date

---

[1] Fed.R.Civ.P. 32(a)(1).

the accident occurred was July 27, 2005, when Judy and Tina Patrick were looking at baby strollers in Kmart's infant department. After Judy Patrick was struck by the stroller, an incident report was immediately sent to Kmart's third party claims administrator, noting that both Mr. Sehat and Ms. Hohney were present at the time of the accident. But it was not until several months after Judy Patrick and her husband filed their lawsuit - in May 2006 - that Kmart learned that Mr. Sehat was a Footstar employee.[2] In August 2006, Kmart's claims administrator documented that Mr. Sehat was from the "shoe department."[3]

Despite this, Footstar claims that it did not learn of the underlying accident until the following year, on June 6, 2007. It was on this date that a representative of Footstar reported the accident to its insurer, Liberty Mutual Fire Insurance Company ("Liberty"), as an "incident only" claim.[4] Several days later a Liberty claims handler wrote that "I expect we will be brought in as a party to the case in the near future..." and that if so, it would "look to tender the claim to Kmart..."[5]

The depositions in the underlying case took place from August to November of that year. Even so, there is no evidence that Kmart provided Footstar with notice of these depositions. But by February 1, 2008, Liberty was defending Footstar in connection with the underlying lawsuit. As we noted in our summary judgment ruling, the claim notes from this time indicate that Liberty and Footstar were aware of the depositions and the testimony of these individuals.[6] Liberty also admitted that it performed the investigation that it wanted to perform, retained two independent medical examiners in connection with its defense of Footstar, and believed Kmart interviewed all the

---

[2] Kmart's Rule 56.1(a) Statement ¶40, dkt. 210.
[3] Footstar's Rule 56.1(a) Statement ¶63, dkt. 225.
[4] Footstar's Resp. to Kmart's Rule 56.1(a) Statement ¶45, dkt. 227.
[5] Kmart's Rule 56.1(a) Statement ¶56, dkt. 210.
[6] Order at 16, March 30, 2012, dkt. 260.

necessary witnesses in the case.[7]

After we inquired why Footstar had not sought to re-depose any of these individuals, Footstar referred us to its attempt to re-notice the depositions of, specifically, the Patricks back in October 2008, several days before the underlying case settled.[8] It chose not to pursue those depositions, however, because of the impending mediation. And Footstar provides no explanation for its failure to re-open any of these depositions in this litigation.

We now return to Footstar's principal argument that these depositions should not be admitted at trial because Footstar was not present or represented at the depositions, or had notice of them, pursuant to Rule 32(a)(1)(A).[9] Both parties concede that Footstar did not receive proper "notice" of the depositions, so they spend a considerable portion of their arguments on the technical point of whether Footstar was "represented" by Kmart as Footstar's "successor in interest"[10] or whether Kmart had the same motive. Footstar goes to great lengths to show that nobody (Kmart) was looking out for its interests at the depositions in the underlying case, specifically with respect to Judy Patrick.

We find the parties' arguments here off the mark. Though it may be true that Footstar did not have official notice of the depositions at the time, it certainly had notice of the case, even then. And, more importantly, it knew of its potential for liability. The present case was filed in June of 2009. Our review of the history of this case shows that even prior to 2009, Footstar knew that it was implicated in the case because of the involvement of its employee, Mr. Sehat, and it knew that Kmart

---

[7] Order at 20, March 30, 2012, dkt. 260.
[8] Exhibit to Footstar's Motion in Limine, dkt. 312.
[9] Fed.R.Civ.P. 32(a)(1)(A)(providing that a deposition may be used at trial if "the party was present or represented at the taking of the deposition or had reasonable notice of it...").
[10] *See* Fed.R.Civ.P. 32(a)(1)(8)(providing that a deposition may be used in a later action if it was between the same parties or their "successors in interest.").

was likely to seek contribution. We must emphasize that Footstar was never blindsided. Rather, it made the strategic decision to not re-depose any of these individuals.

Footstar clarified at the pretrial conference that they re-noticed the Patricks' depositions in October 2008. But again, they chose not to go forward with those depositions because the case was potentially being settled by Kmart. Then Kmart filed suit against it and, again, Footstar did not seek to depose any of these individuals. (After October 2008 there is no indication that Footstar attempted to locate the Patricks or even Mr. Sehat, its own employee). Instead, it has up to this point relied on the very depositions it now seeks to exclude.

Because of this history, we find that Footstar cannot rely on the technicality of not having notice, implicating Rule 32 to exclude the only testimony that exists in this case. Footstar had every opportunity to re-depose these individuals itself (with, perhaps, the exception of Ms. Patrick who is now deceased). It chose not do so and apparently chose not to attempt to even locate these individuals for purposes of this case.

We also find the more appropriate analysis to be under Federal Rules of Evidence 804(b)(1) and 807. These rules directly address the situation presented here. Rule 804(b)(1) provides that testimony is not excluded by the rule against hearsay if it:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.[11]

This is where the parties' arguments come in: whether Kmart is Footstar's "predecessor in

---

[11] Fed.R.Evid. 804(b)(1).

interest." There is no question that Kmart and Footstar now have diverging motives. At trial, Kmart will be arguing that Footstar's employee, Mr. Sehat, was at fault for Ms. Patrick's accident. Footstar, in contrast, will argue that its employee had nothing to do with the accident and that it was caused by a combination of Kmart failing to secure the car seat within the stroller and Judy Patrick pulling on the baby stroller when told not do so. The dictionary definition of "successor-in-interest" also does not fit the circumstances of this case:

> One who follows another in ownership or control of property. In order to be a "successor-in-interest," a party must continue to retain the same rights as original owner without change in ownership and there must be change in form only and not in substance, and transferee is not a "successor-in-interest." In a case of corporations, the term ordinarily indicates statutory succession as, for instance, when a corporation changes its name but retains same property.[12]

But the definition for purposes of the rules governing the use of depositions at trial has been more broadly construed in light of the need for fairness and efficiency. There need only be a "substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent."[13] We certainly have that in this case. In the underlying case both parties had the motive to defeat Ms. Patrick's claims and to place the blame on her, not on Kmart or Footstar. We acknowledge that here Kmart and Footstar are focused on to what extent, if any, Footstar is at fault for the accident. Footstar claims that it would have directed the questions differently than Kmart because it "would have pinned down these witnesses" and tried to more forcefully establish that Mr. Sehat's conduct was less than negligent.[14] That may be true. We, however, stress again that

---

[12]*Acme Printing Ink Co. v. Menard, Inc.,* 812 F.Supp. 1498, 1523 (E.D.Wis.1992)(quoting *Black's Law Dictionary* at 746).

[13]*Acme Printing Ink Co. v. Menard, Inc.,* 812 F.Supp. at 1523 (citing *Ikerd v. Lapworth,* 435 F.2d 197, 205 (7th Cir. 1970)).

[14]Footstar's Reply to Mt. in Limine re: Patrick Deps. at 3, dkt. 303.

Footstar could have, at any point, at least attempted to re-depose these individuals or seek their appearance at trial.

For purposes of this motion we return to the principle that, for this hearsay exception to apply, the two lawsuits "need not involve identical issues" or even parties.[15] Put another way, the fact that the depositions did not address the precise issue presented in this case does not demonstrate a lack of identity of issues.[16] The issue is the same: one of fault. Only now Footstar is looking at the legitimate potential of liability rather than a theoretical one.

We find it is worth mentioning the application of Federal Rule of Evidence 807 as well. This rule provides that a hearsay statement is not excluded - even if it is not covered by Rule 804 - if:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.[17]

Despite our finding that Rule 804(b)(1) applies, thereby eliminating the need for this exception, Rule 807 addresses two important points (there is no dispute that the evidence is trustworthy and is offered as evidence of fact). First, the parties have proposed no other evidence in lieu of these depositions. Ideally, the Patricks, Mr. Sehat and Ms. Hohney would testify in person at trial. Because that is not possible, we only have their depositions as evidence of what happened when Ms. Patrick was injured. Without them, there can be no case, as Footstar has acknowledged

---

[15] *See Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir.1982)(citing *Ikerd v. Lapworth,* 435 F.2d 197).
[16] *Acme Printing Ink Co.,* 812 F.Supp. at 1523 (holding that although the two parties' actions did not address all the issues presented in the case, there was nonetheless a substantial identity of issues).
[17] Fed.R.Evid. 807(a).

(and would no doubt prefer to be the outcome).

Second, admitting these depositions will best serve the interests of justice. Footstar somehow believes that it has come this far in the case, yet through an elaborate interpretation of Federal Rule of Civil Procedure 32, can avoid trial altogether by eliminating the only evidence available in the case. To allow Footstar a win by default, when it admits that it kept a low profile at the outset of the underlying case, despite knowing of its potential to be sued,[18] would be fundamentally unfair. This is particularly true where Footstar failed to re-notice the depositions of these witnesses in the case at bar. Footstar should not be allowed to take advantage of a situation for which it is, in part, responsible.

## II.     Footstar's Motion in Limine to Bar Lay Opinion Testimony

This motion involves certain liability assessments or evaluations by Footstar's defense attorney, Richard Llerena. Mr. Llerena recorded in Liberty Mutual's claim notes the following:

> LIABILITY ASSESSMENT (PROBABLE, POSSIBLE, DOUBTFUL, LIKELIHOOD FOR DEFENSE VERDICT)
> Possible. Jury will allocate percentages of negligence. We should be prepared to see a split of 75(Kmart) - 25(Footstar).[19]

The text in all-caps indicates the text of the form, whereas the other words constitute Mr. Llerena's report. Footstar argues that Kmart should not be allowed to introduce this note as an "admission" that Footstar is at least 25% liable. We agree.

Footstar argues the inadmissability of the note made by Mr. Llerena based on Federal Rule of Evidence 701, which governs lay opinion testimony. Kmart argues that Rule 701 has no application to this issue and, instead, the Court should look to Federal Rule of Evidence 801(d)(2),

---

[18]*See* Kmart's Rule 56.1(a) Statement ¶54, dkt. 210.
[19]Kmart's MSJ, exh. 20 at 62, dkt. 215-22.

allowing the statement in as an opposing party's statement. We start with Rule 701's application.

Footstar argues that all elements of Rule 701 fail, thereby making Mr. Llerena's statement inadmissible. Rule 701 provides that if a witness is not testifying as an expert, the testimony of an opinion is limited to, first, (a) testimony that was based on the perception of the witness and second that (b) the testimony was "helpful to clearly understanding the witness's testimony or to determining a fact in issue."[20] Footstar claims that Mr. Llerena's statement was not based on personal knowledge, which is required, because he based his opinion on an analysis of other evidence (namely the testimony of the witnesses to the accident ).[21] Citing no support, Kmart argues that his statement was based on his own perception of the case and, as to the second element, that it is helpful to the jury because it is an admission.

We acknowledge that Mr. Llereno's statement is his own analysis of the possible liability in the case. But it is also "mere speculation" on his part.[22] Referring back to a Seventh Circuit discussion we have quoted before, "'[t]he scope of a judicial admission by counsel is restricted to unequivocal statement as to matters of fact...[and] does not extend to counsel's statement of his conception of the legal theory of a case.'"[23] Also important, though opinion testimony may not be objectionable "because it embraces an ultimate issue to be decided by the trier of fact," lay opinions "may be excluded if...its probative value is substantially outweighed by its prejudicial nature."[24] Specifically, the second element of Rule 701 is designed to avoid admission of opinions that would

---

[20] Fed.R.Evid. 701(b).

[21] *See Stagman v. Ryan,* 176 F.3d 986, 996 (7th Cir. 1999)(finding that the individual did not have "personal knowledge" of the facts asserted but, rather, had expressed "mere speculation," which did not meet the first requirement of Rule 701).

[22] *See Stagman,* 176 F.3d at 996.

[23] *McCaskill v. SCI Management Corp.,* 298 F.3d 677, 681-82 (Rovner, J., concurring), quoting 30B FED.PRAC.& PROC.EVID. (Interim ed.) § 7026 (2002).

[24] *U.S. v. Wantuch,* 525 F.3d 505, 513 (7th Cir. 2008)(applying Federal Rule of Evidence 403 to a Rule 701 analysis).

merely tell the jury what result to reach.[25] We believe Mr. Llerena's statement falls into that category.

Footstar also asserts that because Mr. Llerena's note was created to offer an after-the-fact legal analysis of the pros and cons of settlement, and was based on the deposition transcripts of the individuals at the scene of the accident, it is the exact kind of opinion testimony that Rule 701(c) is designed to filter out. That provision provides that opinion testimony is allowed only where it is "(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[26] This part of the Rule assures that "a party will not evade the expert witness disclosure requirements" found in Federal Rule of Civil Procedure 26 by "simply calling an expert witness in the guise of a layperson."[27]

Kmart asserts that Mr. Llerena would not qualify as an expert because, again, his statement was based on his personal knowledge. Kmart then refers to the advisory notes of Rule 26 that explain the requirements for disclosing all persons who would provide expert testimony at trial. Specifically, the Advisory Notes provide that an individual may be treated as an ordinary witness, not an expert, if the information was "not acquired in preparation for trial" but rather because the individual was "an actor or viewer" with respect to the matter at issue.[28] Kmart argues that Mr. Llerena is "an actor" with respect to underlying case because he made the statement to update Footstar's insurer, Liberty, on the status of the case.[29]

The more relevant rule to this case, however, is that an individual must be disclosed as an

---

[25]*Wantuch,* 525 F.3d at 513.
[26]Fed.R.Evid. 701(c).
[27]Fed.R.Evid. 701, Advisory Committee Note.
[28]*See Patel v. Gayes,* 984 F.2d 214, 217 (7th Cir. 1993)(discussing the Advisory Notes to Rule 26).
[29]*See Patel,* 984 F.2d at 217.

expert if "his knowledge was 'acquired or developed in anticipation of litigation or for trial.'"[30] As Footstar's defense attorney, Mr. Llerena's statement certainly falls within this definition. Furthermore, as we noted above, we must assess whether "the jury may accord too much weight to such a legal conclusion."[31] Because we think it would, this testimony will not be admitted.

We now move to Kmart's principal argument that Rule 801(D)(2) controls this analysis. This Rule provides that a statement is not hearsay if:

> The statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.[32]

Kmart argues that Mr. Llerena's statement qualifies under the above section (D), as a statement made by Footstar's agent. Kmart asserts that this Rule can encompass out-of-court statements made by counsel against his or her client. In support, Kmart cites to several cases, but only one from our circuit: *Murrey v. U.S.* In that case, an investigation report criticized a hospital run by the Department of Veterans Affairs.[33] In response, the Inspector General of the department publicly announced the problems cited in the report.[34] Thereafter, lawyers for the department invited the widow of a man who had died at the hands of the hospital's misadventures to file an administrative

---

[30] *Patel,* 984 F.2d at 218(citing *Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 331 (D.R.I. 1976).
[31] *U.S. v. Baskes,* 649 F.2d 471, 478 (7th Cir. 1980); *see also,* Wantuch, 525 F.3d at 513.
[32] Fed.R.Evid. 801(D)(2).
[33] 73 F.3d 1448, 1455 (7th Cir. 1996).
[34] *Murrey v. U.S.,* 73 F.3d 1448, 1455 (7th Cir. 1996).

claim.[35] The Seventh Circuit agreed with the lower court that the statements made by these individuals were not judicial admissions. But it found these statements admissible, explaining that there was "a badge of reliability sufficient to overcome the hearsay objection" because the evidence to come in was the "assessment placed on [the investigative reports] by the Department of Veterans Affairs and its head," not the views of the authors of the investigative report.[36] The court held that "the fact that *the alleged tortfeasor*" found the report persuasive was the relevant fact that should be admitted.[37]

Kmart makes no effort to relate *Murrey* - or any of the other string cited cases - to this case. Kmart's analysis starts and ends with the explanation that Mr. Llerena was acting within the scope of his agency by providing a legal analysis of the underlying lawsuit against Footstar. We do not see the obvious application that Kmart proposes.

Kmart also argues that Rule 801 trumps Rule 701's application, again, citing only cases outside our circuit. As Footstar referenced, our court has addressed that issue and found otherwise.[38] Finally, Kmart's attempt to liken this issue to one where a criminal defendant exclaims guilt is also unpersuasive. Mr. Llerena's statement is his legal opinion, not fact, given to his client under the guise of settlement, which naturally assesses the *potential* risk of liability. We see no application of Rule 802(d)(2)(D) to this analysis. And more importantly, as we noted above, Mr. Llerena's statement would not be helpful to the trier of fact.[39]

---

[35]*Murrey,* 73 F.3d at 1455.
[36]*Id.* at 1456.
[37]*Id* (emphasis in original).
[38]*Middleby Corp. v. Hussmann Corp.,* No. 90-2744, 1993 WL 151290, *3 (N.D. Ill. May 7, 1993)(stating that there is "no doubt that Rule 701 has application even in the context of party admissions.").
[39]*See Middleby Corp.,* No. 90-2744, 1993 WL 151290 at *3 (excluding evidence where the statement would not be helpful to the jury).

**III.     Footstar's Motion in Limine to Bar Mention of Insurance or Indemnity**

Here Footstar seeks to bar Kmart from introducing what Kmart asserts is the basic contractual relationship between the parties. Specifically, Kmart would like to be able to say that Footstar is Liberty Mutual's insured, that Kmart is Liberty Mutual's additional insured, and that Kmart is Footstar's indemnitee. Kmart argues that barring it from explaining these facts to the jury risks confusing the jury. But Footstar claims that because the sole factual issue for trial is the relative fault of Kmart and Footstar regarding the cause of the injury suffered by Judy Patrick, any evidence of insurance coverage should be barred under Federal Rules of Evidence 411, 403, 401 and 402.

Kmart only addresses Rule 411. That Rule provides the following:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.[40]

Kmart concedes that it has no need to submit the Master Agreement and the Liberty Mutual policy into evidence because we have already determined that Kmart need only show fault against Footstar to recover. But Kmart argues that it should still be allowed to mention the contractual relationships between the parties, specifically with respect to Liberty.

Kmart proffers two reasons why Rule 411 cannot be applied. First, it argues that Rule 411 is designed to protect defendants in negligence cases, and should be limited to those cases only. Here, because no party is seeking money damages from Kmart, there is no risk that the "presence or absence of liability insurance would induce" the jury to decide the case on improper grounds.[41] The one case it cites as support, however, simply discusses the caveat that Rule 411 itself provides

---

[40] Fed.R.Evid. 411.
[41] Fed.R.Evid. 411, Advisory Committee Notes.

for: that evidence of insurance is not excluded when offered for another purpose.[42] Kmart has not told us what that other "purpose" might be. In fact, Kmart fails to state any specific issue of fact that would make insurance coverage relevant to the issue of Footstar's potential fault.

Kmart's second argument against Rule 411's application is that it cannot be applied where an insurer is a party to the case. Kmart asserts that where an insurer is a named party, the jury will require some explanation of that insurer's role. But none of the cases cited by Kmart, all of which are from other circuits, would dictate this result. To the contrary, insurance was always mentioned in those cases because it had "'independent substantive evidentiary relevance.'"[43]

Finding sufficient application of Rule 411, Kmart is barred from introducing any evidence or reference to Liberty or any insurance coverage generally. With that, there is no need to analyze the other Rules Footstar asserts apply here.

IV. **Kmart's Motion in Limine to Preclude Footstar from Asserting that the Absence of Any Witness Not Called to Testify is Evidence of Any Fact**

Footstar does not appear to object or respond to this motion. We also find no reason to deny it. Any reference to witnesses not in the courtroom would be irrelevant to the issue of fault.

V. **Conclusion**

For the reasons stated, we deny Footstar's motion in limine to bar admission by Kmart of depositions from the underlying case [dkt. 288] and grant Kmart's motions in limine to allow the Patrick depositions [dkt. 285] and the deposition testimony of Alex Sehat and Maribel Hohney [dkt.

---

[42]*See Ferren v. Nat'l R.R. Passenger Corp.,* No. 2001 WL 1607586, *9 (Dec. 12, 2001)(noting the concern the Rule was adopted to address).

[43]*See, e.g., Reed v. General Motors Corp.,* 773 F.2d 660, 663 (5th Cir. 1985); *see also Jacobs Press, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.,* No. 94-1046 & 94-1087, 1997 WL 90665, *8 (4th Cir., March 4, 1997)(finding that liability could only be defined with reference to the terms of the insurance policy).

289]. We also grant Footstar's motion in limine to bar mention of insurance or indemnity [dkt. 286] and its motion to bar lay opinion testimony regarding fault [dkt. 290]. Finally, we grant Kmart's motion in limine to bar reference to witnesses not called to testify [dkt. 292].

**IT IS SO ORDERED.**

**ENTERED:** November 2, 2012

_____

**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**