**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KMART CORPORATION, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br>FOOTSTAR, INC., a Delaware corporation, LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation,<br><br>Defendants. | ) | No. 09 CV 3607<br><br>Magistrate Judge Cox (Consent) |

**KMART CORPORATION'S MOTION FOR ENTRY OF JUDGMENT AGAINST LIBERTY MUTUAL FIRE INSURANCE COMPANY FOR $310,000 PLUS DEFENSE COSTS AND PRE-JUDGMENT INTEREST**

NOW COMES Plaintiff Kmart Corporation ("Kmart"), by and through its attorneys Reed Smith LLP, and moves this court to enter judgment against Liberty Mutual Fire Insurance Company ("Liberty Mutual") for $310,000 plus defense costs and pre-judgment interest. In support of its motion, Kmart states as follows:

## INTRODUCTION

The Court's Memorandum Opinion And Order dated March 30, 2012 (Dckt # 260) ("March 2012 Order") and its Memorandum Opinion And Order dated May 1, 2012 (Dckt # 265) ("May 2012 Order") identified two unanswered questions regarding Liberty Mutual's duty to indemnify Kmart: (1) whether Judy Patrick's injuries actually arose out of Footstar's work, goods and/or services; and (2) if they did, whether Liberty Mutual is obligated to indemnify Kmart for the entire settlement payment. With respect to the first question, a jury definitively found on November 7, 2012, that Footstar proximately caused Mrs. Patrick's injuries. In light of this finding, it now is clear that Mrs. Patrick's injuries **actually** arose out of Footstar's work,

goods, and/or services under the Master Agreement. With respect to the second question, under New Jersey law an additional insured is entitled to full coverage unless the policy explicitly limits coverage to the named insured's negligence. Any limitation on coverage must be clear and explicit. Neither the Policy nor the Master Agreement limit Liberty's obligation to insure Kmart to Footstar's negligence. Liberty Mutual has never argued otherwise. Therefore, in light of the jury's finding of November 7, 2012 that Mrs. Patrick's injuries **actually** arose out of Footstar's work, goods, and/or services, Liberty Mutual must indemnify Kmart for the full $310,000 settlement of the *Patrick* Lawsuit and pay Kmart's defense costs and pre-judgment interest.

## ARGUMENT

## I. CONTRACTUAL PROVISIONS CONCERNING INSURANCE COVERAGE

The Master Agreement's insurance provision states as follows:

> [Footstar] agrees to obtain and keep in force … appropriate insurance for claims against [Kmart and Footstar] for personal injury (including death) and property damage arising out of or relating to the goods and services provided pursuant to this Agreement … with the same limits … as agreed to above by Kmart.

(Exhibit 7 (Amended and Restated Master Agreement) at § 18.1, Kmart Corporation's Appendix Of Exhibits In Support Of Kmart's Motion For Summary Judgment On Counts One Through Five Of Its Second Amended Complaint And Defendants' Affirmative Defenses ("Appendix") (Dckt # 215).)

The Blanket Additional Insured Amendment states as follows:

> Section II – WHO IS AN INSURED is amended to include as an insured any person, organization, state or other political subdivision, trustee or estate for whom you have agreed in writing to provide liability insurance. But:
>
> The insurance provided by this amendment:

> 1: Applies only to ‘personal injury’ or ‘property damage’ arising out of (a) ‘your work’ or (b) premises or other property owned by or rented by you;
>
> 2: Applies only to coverage and limits of insurance required by the written agreement, but in no event either exceeds the scope of coverage or the limits of insurance provided by this policy; and
>
> 3: Does not apply to any person, organization, state or other political subdivision, trustee or estate for whom you have acquired separate liability insurance while such insurance is in effect, regardless of whether the scope of coverage or limits of insurance of this policy exceed those of such other insurer or whether such insurance is valid or collectable.

(Exhibit 8 (Liberty Mutual Policy) at p. 11 of 13 of General Amendatory Endorsement, Appendix.)

## II. JUDY PATRICK’S INJURIES ACTUALLY AROSE OUT OF FOOTSTAR’S WORK, GOODS, AND/OR SERVICES UNDER THE MASTER AGREEMENT

The Master Agreement obligated Footstar to purchase insurance coverage for Kmart for bodily injury “arising out of or relating to the goods and services provided pursuant to this Agreement.” The Court already has interpreted the term “services” broadly, and rejected Liberty Mutual’s argument that “services” is restricted to the definition of the capitalized term “Services” in the Master Agreement. (March 2012 Order at p. 34.) Similarly, coverage under the Blanket Additional Insured Amendment applies to personal injury “arising out of” Footstar’s “work.” The Court has held that “arising out of” “must be interpreted in a comprehensive sense to mean conduct ‘originating from,’ ‘growing out of,’ or ‘connected with’ the activity in question.” (*Id*. at p. 34). Prior to the jury’s verdict on November 7, 2012, the Court stated that a question as to how Judy Patrick was injured hindered “the Court’s ability to determine whether Mrs. Patrick’s injury actually – rather than merely potentially – arose out of Footstar’s work, goods, or services under the Master Agreement.” (May 2012 Order at p. 8). In light of the jury’s verdict that Footstar, through the actions of Alex Sehat, proximately caused Judy Patrick’s

injury, it now is clear that Mrs. Patrick's injury **actually** arose of Footstar's work, goods, and/or services.

It is well established under New Jersey law that "arising out of" insurance policy language only requires a "substantial nexus" between the named insured's work and the injury. New Jersey courts have found additional insured coverage under the same "arising out of language in circumstances where the named insureds connections with the underlying incident were far more remote than in the instant case. *See, e.g.*, *County of Hudson v. Selective Ins. Co.*, 752 A.2d 849 (N.J. App. Div. 2000) (subcontractor's employee fell on courthouse steps while gathering information for bid on general contractor's work; county covered for employee's injuries as additional insured under general contractor's policy); *Krastantov v. K. Hovnanian/Shore Acquisitions, LLC*, 2008 WL 2986475 (N.J. App. Div. Aug. 6, 2008) (named insured's employee drowned while swimming in man-made lake on constructions site; additional insured covered under named insured policy, even though not entitled to indemnification under terms of contract).

In contrast to the extraordinarily broad reading of "arising out of" adopted in *County of Hudson* and *Krastanov*, and the very limited relationship of the facts of the injury to the services being provided by the named insured, the jury in the instant case has found that Footstar's employee **actually** caused injury to Judy Patrick while Footstar's employee was at work, on the job, as an invitee in Kmart's store, during normal business hours, and providing goods and services. These facts and the jury's finding also demonstrate a conclusive nexus between Mrs. Patrick's injuries and the "work" and "goods or services" provided by Footstar. Thus, with respect to the first unanswered question identified by the Court, Kmart has shown that Mrs. Patrick's injuries **actually** arose out of Footstar's work, goods, and/or services.

## III. BECAUSE JUDY PATRICK'S INJURIES ACTUALLY AROSE OUT OF FOOTSTAR'S WORK, GOODS AND/OR SERVICES UNDER THE MASTER AGREEMENT, LIBERTY MUTUAL MUST INDEMNIFY KMART FOR THE FULL SETTLEMENT OF THE PATRICK LAWSUIT

### A. Absent Explicit Language Restricting Coverage To The Named Insured's Negligence, Coverage For An Additional Insured Is Not Limited

With respect to the second unanswered question identified by the Court, now that the jury has found that Judy Patrick's injuries **actually** arose out of Footstar's work, goods and/or services, Liberty Mutual is obligated to indemnify Kmart for the entire amount Kmart paid to settle the *Patrick* Lawsuit. Courts throughout the country repeatedly have supported the conclusion that an additional insured is entitled to complete indemnification where the policy language does not explicitly limit coverage to the extent of the named insured's negligence.[1]

[1] *Twin City Fire Ins. Co. Inc. v. Ohio Cas. Ins. Co*., 480 F.3d 1254 (11th Cir. 2007) (Alabama law); *Davis Constructors & Eng'rs. Inc. v. Hartford Acc. & Indem. Co.*, 308 F.Supp. 792 (M.D. Ala. 1968); *Am. Cas. Co. v. Gen. Star Indem. Co*., 125 Cal. App. 4th 1510 (Cal. Ct. App. 2005); *Fireman's Fund Ins. Cos. v. Atlantic Richfield Co*., 94 Cal. App. 4th 842 (Cal. Ct. App. 2001); *Acceptance Ins. Co. v. Syufy Enterp*., 69 Cal. App. 4th 321 (Cal. Ct. App. 1999); *Vitton Const. Co., Inc. v. Pacific Ins. Co*., 110 Cal. App. 4th 762 (Cal. Ct. App. 2003); *Liberty Mut. Ins. Co. v. Travelers Indem. Co*., 78 F.3d 639 (D.C. Cir. 1996); *Container Corp. of Am. v. Maryland Cas. Co*., 707 So.2d 733 (Fla. 1998); *Cincinnati Ins. Co. v. Dawes Rigging & Crane Rental, Inc*., 321 F.Supp. 2d 975 (C.D. Ill. 2004); *Ohio Cas. Ins. Co. v. PetsMart, Inc*., 2003 WL 22995160 (N.D. Ill.); *Shell Oil Co. v. AC & S, Inc*., 649 N.E.2d 946 (Ill. App. Ct. 1995); *J.A. Jones Constr. Co. v. Hartford Fire Ins. Co*., 645 N.E.2d 980 (Ill. App. Ct. 1995); *Cas. Ins. Co. v. Northbrook Prop. & Cas. Ins. Co*., 150 Ill. App. 3d 472 (1986); *Dillon Cos., Inc. v. Royal Indem. Co*., 369 F.supp. 2d 1277, 1287 (D. Kan. 2005); *McIntosh v. Scottsdale Ins. Co*., 992 F.2d 251, 254056 (10th Cir. 1993) (Kansas law); *Haylock v. Jerusalem Temple Ancient Arabbie Order of Noble of Mystic Shrine*, 578 So.2d 999 (La. Ct. App. 1991); *Travelers Indem. Co. of Ill. v. Millard Refrigerated Services*, 2002 WL 442264, at * 2 (D. Neb.); *Pennzoil Co. v. U.S. Fidelity & Guar. Co*., 50 F.3d 580 (8th Cir. 1995) (North Dakota law); *Makrigiannis v. Nintendo of Amer., Inc*., 815 N.E.2d 1066 (Mass. 2004); *Nat. Union Fire Ins. Co. of Pittsburgh v. Lumbermens Mut. Cas. Co*., 385 F.3d 47 (1st Cir. 2004*); Suffolk Constr. Co., Inc. v. Royal & Sunalliance Ins. Co*., 2002 WL 391345, at * 3 (Mass. Supp.); *Merchants Inc. Co. of New Hampshire, Inc. v. U.S. Fidel. & Guar. Co*., 143 F.3d 5, 16-17 (1st Cir. 1998) (Massachusetts law); *Transamerica Ins. Group v. Turner Constr. Co*., 601 N.E.2d 474 (Mass. App. Ct. 1992*); Mitchell v. Stop & Shop Cos., Inc*., 672 N.E.2d 544 (Mass. App. Ct. 1996); *LaFarge Midwest, Inc. v. Frankennuth Mut. Ins. Co*., 2005 WL 1923158 (Mich. Ct. App. 2005); *US Fidelity & Guar. Ins. Co. v. Commercial Union Midwest Ins. Co.*, 430 F.3d 929 (8th Cir. 2005) (Minnesota law); *Andrew L. Youngquist, Inc. v. Cincinnati Ins. Co*., 625 N.W.2d 178 (Minn. Ct. App. 2001); *Roy Anderson Corp. v. Transcont'l Ins. Co*., 358 F.Supp.2d 553 (S.D. Miss. 2005); *Pro Con Cost., Inc. v. Acadia Ins. Co*., 794 A.2d 108 (N.H. 2002); *County of Hudson v. Selective Ins. Co*., 752 A.2d 849, 853 (N.J. Super. Ct. App. Div. 2000); *Pep Boys v. Cigna Indem. Ins. Co. of N.A.*, 692 A.2d 546 (N.J. Super. Ct. App. Div. 1997); *Raymond Corp. v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa*., 833 N.E.2d 232 (NY. 2005); *Fed. Ins. Co. v. Am. Hardware Mut. Ins. Co*., 184 P.3d 390 (Nev. 2008); Morse Diesel Int. v. *Olympic Plumbing & Heating Corp*., 299 A.D.2d 276 (N.Y. App. Div. 2002) (New York law); *Impulse Enterprises/F & V Mech.Plumbing & Heating v. St. Paul Fire & Marine Ins. Co*., 282 A.D.2d 266 (N.Y. App. Div. 2001); *Tishman Constr. Corp. of New York v. Can Ins. Co*., 236 A.D.2d 211 (N.Y. App. Div. 1997) (New York law); *Consolidated Edison Co. v. Hartford Ins. Co*., 203 A.3d 83 (N.Y.App. Div. 1994); *Charter Oak Fire Ins. Co.*

Continued on following page

None of the New Jersey cases cited by the parties and the Court restrict an insurer's indemnity obligation to an additional insured to only that share of the fault of the named insured. Instead, those cases require complete indemnification of the additional insured regardless of fault. *See, e.g.*, *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co*., 316 F.3d 431, 444-45 (3d Cir. 2003) (rejecting insurer's contention that "fact-intensive inquiry" regarding named insured's fault was necessary to determine scope of coverage for additional insured); *Krastanov*, LLC, 2008 WL at *8 ("the wording of the endorsement makes clear that coverage is not contingent on whether the [named insured] had liability for the accident"); County of Hudson v. Selective Ins. Co., 752 A.2d 849, 853-54 (N.J. App. Div. 2000); *Harrah's Atlantic City*, 671 A.2d at 1125 ("It is also clear that by wording the endorsement as it did, the insurer did not make coverage contingent on whether the [named insured] had any liability for the accident. Therefore, the finding of liability against the [named insured] . . . was not a factor in determining the scope of the [additional insured's] coverage.").

---

Continued from previous page
*v. Trustees of Columbia Univ*., 198 A.D.2d 34 (N.Y. App. Div. 1993); *Dayton Beach Park No. 1 Corp. v. Nat'l Union Fire Ins. Co*., 174 A.D.2d 854 (N.Y. App. Div. 1991); *Long Island R.R. Co. v. Interboro Mut. Indem. Ins. Co*., 84 A.2d 809 (N.Y. 1981); *Hagans v. Glens Falls Ins. Co*., 465 F.2d 1249 (2nd Cir. 1972) (New York law); *MW Builders, Inc. v. Safeco Ins. Co. of Am*., 2004 WL 2058390 (D. Or. 2004); *Hartford Accident & Indem. Co. v. U.S. Nat. Resources, Inc*., 897 F.Supp. 466 (D. Or. 1995); *Pacific Ins. Co. v. Liberty Mut. Ins. Co*., 2008 WL 3862168 (Del. Super. Ct. 2008) (Pennsylvania law); *Meridian Mut. Ins. Co. v. Cont'l Bus. Ctr*., 2005 WL 856935 (E.D. Pa. 2005), aff'd, 174 Fed.Appx. 104 (3d Cir. 2006); *Md. Cas Co. v. Regis Ins. Co*., 1197 WL 164268 (E.D. Pa. 1997); *Rust Engineering & Constr., Inc. v. J.C. Zampeli Constr. Inc*., 1997 WL 773153 (E.D. Pa. 1997); *Township of Springfield v. Ersek*, 660 A.2d 672 (Pa. Commw. Ct. 1995); P*hiladelphia Elec. Co. v. Nat. Mut. Ins. Co*., 721 F.Supp. 740 (E.D. Pa. 1989); *Harbor Ins. Co. v. Lewis*, 562 F.Supp. 800 (E.D. Pa. 1983); *Transport Indem. Co. v. Home Indem. Co*., 535 F.2d 232, 235 (3d Cir. 1976); *Aetna Cas. & Sur. Co. v. Ocean Acc. & Guar. Corp*., 386 F.2d 413 (3d Cir. 1967); *Atofina Petrochemicals, Inc. v. Cont'l Cas. Co*., 2005 WL 2445514 (Tex. Sup. Ct. 2005); *Global Sun Pools, Inc. v. Burlington Ins. Co*., 2004 WL 878283 (Tex. App. Ct. 2004) *Highland Park Shopping Vill. v. Trinity Universal Ins. Co*., 36 S.W.3d 916 (Tex. App. Ct. 2001); *Mid-Cont'l Cas. Co. v. Swift Energy Co*., 206 F.3d 487 (5th Cir. 2000); *Admiral Ins. Co. v. Trident NGL, Inc*., 988 S.W. 2d. 451 (Tex. 1999); *McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725 (Tex. App. Ct. 1999); *Meadow Valley Contractors, Inc. v. Transcont'l Ins. Co*., 27 P.3d 594 (Utah Ct. App. 2001); *Equilon Enterprises LLC v. Great Am. Alliance Ins. Co.*, 2006 WL 848411 (Wash. Ct. App.); *Shell Oil Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 52 Cal. Rptr. 2d 580 (Cal. Ct. App. 1996) (Washington law); *Mikula v. Miller Brewing Co*., 701 N.W. 2d 613 (Wis. Ct. App. 2005); *Marathon Ashland Pipe Line LLC v. Md. Cas. Co*., 243 F.3d 1232 (10th Cir. 2001) (Wyoming law).

Moreover, under New Jersey law, limitations on coverage are interpreted strictly against the insurer. *Estate of Mini v. Metro Supply & Service, Inc*., No. A-3976-02T2, 2004 WL 1284173, at *3 (N.J. Super. A.D. 2004). Provisions that purport to restrict coverage must be clear and unequivocal. *Id*. Thus, full coverage for the insured is the default rule, which only can be supplanted by clear language stating otherwise. The Policy and the Master Agreement are silent as to any restriction on Liberty Mutual's duty to indemnify Kmart. Had either party wished to restrict Kmart's coverage to vicarious liability, they merely had to write such language into the Master Agreement and Policy, respectively, as is done with respect to thousands of contract and insurance policies each year. Lacking such language, the Policy indemnifies Kmart for its full settlement of the *Patrick* Lawsuit. Liberty Mutual has not cited a single case under New Jersey law stating otherwise.[2]

**B. The Most Reasonable Interpretations Of The Blanket Additional Insured Amendment Do Not Require Limiting Coverage To Footstar's Negligence**

The Blanket Additional Insured Amendment does not appear to limit Kmart's coverage. Subparagraph (2) of the Amendment states that the additional insurance "[a]pplies only to coverage and limits of insurance required by the written agreement, but in no event either exceeds the scope of coverage or the limits of insurance provided by this policy." (Liberty Mutual Policy at p. 11 of 13.) Black's Law Dictionary defines "Coverage" as: "Inclusion of a risk under an insurance policy; the risks within the scope of an insurance policy." Black's Law Dictionary 372 (7th ed. 1999). The International Risk Management Institute (IRMI) defines "Limit of Insurance" as: "The most that will be paid by the insurer in the event of a covered loss

[2] Kmart also argued on summary judgment, and reserves its right to argue on appeal, that Liberty Mutual must indemnify Kmart for its full settlement payment of the *Patrick* Lawsuit because the Court already has found that Liberty Mutual breached its duty to defend and that Kmart settled the *Patrick* Lawsuit in reasonable anticipation of liability and for a reasonable amount.

under an insurance policy." IRMI.com, Glossary of Insurance and Risk Management Terms, http://www.irmi.com/forms/online/insurance-glossary/terms.aspx (last visited November 10, 2012). The most reasonable interpretation of the first clause of the provision is that Kmart only is insured under the Policy for the type of coverage and limits of coverage required by the Master Agreement, *i.e.*, liability insurance for personal injury, with limits of coverage of not less than $5 million for injury to one person. The most reasonable interpretation of the second clause— "but in no event either exceeds the scope of coverage or the limits of insurance provided by this policy"—is that the additional insurance will not provide a different type of coverage or a greater amount of coverage than what is required by the underlying contract, *i.e.*, liability insurance for personal injury, with limits of coverage of not less than $5 million. The provision attempts to prevent an indemnitee from claiming additional insured coverage under a line of coverage and for an amount of coverage for which it did not contract. This interpretation of subparagraph (2) is supported by the only case analyzing its meaning. *See Ins. Co. State of Pennsylvania v. APAC-Southeast, Inc*., 677 S.E.2d 734, 738 (Ga. Ct. App. April 17, 2009) (interpreting provision to require additional insured coverage for general contractor under excess liability policy procured by subcontractor, because underlying contract required additional insured coverage under "all policies" procured by subcontractor).

As the Court previously stated, Liberty Mutual has never asserted that its duty to indemnify was "coextensive" with Footstar's. (May 2012 Order at 4.) Moreover, **Liberty's own coverage counsel** advised Liberty in a coverage opinion letter with respect to the Stretavski matter that the Master Agreement's indemnity provision does not restrict Liberty's indemnity obligations to Kmart under the Policy. In a letter dated October 30, 2009, Wilson, Elser attorney William P. Krauss advised Liberty: "We read the scope of Footstar's indemnity obligation to

Kmart as broadly as the scope of additional insured coverage owed to Kmart. **The indemnity obligation does not narrow the scope of additional insured coverage**." (emphasis added) (*See* p. 14, October 30, 2009 Letter, attached hereto as Exhibit 1). Mr. Krauss cites to the *Krastanov* case in support of his analysis. *Id*.

Another reasonable interpretation of subparagraph (2) is that it makes clear that Kmart only is an additional insured for coverage for bodily injury "arising out of or related to [Footstar's] goods or services," *i.e.*, the coverage mandated by the Master Agreement. Because the phrase "relating to" is broader than "arising out of,"[3] this coverage is even broader than the coverage required by the Policy. This interpretation of subparagraph (2) would tend to explain why the second clause then emphasizes that this coverage would, in any event, not exceed the coverage under the Policy.

To the extent the Court believes subparagraph (2) reasonably can be interpreted to limit coverage, the provision is ambiguous and must be construed in favor of Kmart. *See Puhlovsky v. Rutgers Cas. Ins. Co.*, No. L–8037–08, 2012 WL 3870408, at *7 (N.J. Super. A.D. September 7, 2012) ("If the policy language is sufficiently ambiguous to support two meanings, one that favors the insurer and one that favors the insured, the policy should be construed to provide coverage" (citing *Search EDP, Inc. v. Home Assurance. Co*., 267 N.J.Super. 537, 542 (N.J. App. Div. 1993). *See also APAC*, 677 S.E.2d at 738 (construing nearly identical additional insured endorsement in favor of coverage, in context of unique requirements of underlying contract).

[3] The phrase "relating to" is very broad and is not tied to the concept of a causal connection. *See Smith v. United States*, 508 U.S. 223, 237, 113 S. Ct. 2050 (1993) (phrase "in relation to" is "expansive" and means "with reference to" or "as regards"); *Trustmark Ins. Co. v. Transamerica Occidental Life Ins. Co*., 484 F. Supp.2d 850, 854 (N.D. Ill. 2007) ("the term 'relating to' has an even broader scope than the term 'arising out of.'").

### C. Interpreting The Blanket Additional Insured Amendment To Limit Coverage To Footstar's Indemnity Obligation Renders Kmart's Additional Insured Coverage Illusory

An interpretation of the Blanket Additional Insured Amendment that limits coverage to the relative fault of Footstar also renders this coverage illusory. Kmart already is indemnified for Footstar's relative fault under the Master Agreement and the Policy provides Footstar "contractual liability" coverage for its obligation to indemnify Kmart under the Master Agreement. (Liberty Mutual Policy at pp. 4-5 of 13 of General Amendatory Endorsement). Interpreting Kmart's additional insurance under the Policy as no broader than Footstar's relative indemnity obligation renders such coverage illusory and the additional insured endorsement to be mere surplussage. "When construing the language of a contract, courts give meaning to every word, avoiding constructions which render portions of a contract meaningless, inexplicable or mere surplusage." *Tanita Corp. of Amer. v. Befour, Inc.*, 2009 WL 54509, at *5 (N.D. Ill. 2009). Time and again, courts have recognized that limiting the scope of the Blanket Additional Insured Endorsement to vicarious liability would render meaningless the promise to insure additional insureds directly for their own negligence. *See Chevron U.S.A., Inc. v. Bragg Crane & Co., Inc.*, (4th Dist. 1986) 180 Cal.App.3d 639, 646. As the federal Tenth Circuit observed in *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.* (10th Cir. 2001) 243 F.3d 1232:

> Where the additional insured is held no more than vicariously liable for the acts of the named insured, the additional insured would have an action for indemnity against the primary wrongdoer. Thus, an endorsement that provides coverage only for the additional insured's vicarious liability may be illusory and provide no coverage at all. In this light, it is obvious that additional insureds expect more from an endorsement clause than mere protection from vicarious liability.

243 F.3d at 1240 n.5.

For these reasons, the Court should find that Kmart is indemnified under the Policy for its entire $310,000 settlement of the *Patrick* Lawsuit and enter judgment against Liberty Mutual for payment of this amount.

## IV. KMART ALSO IS ENTITLED TO ENTRY OF JUDGMENT AGAINST LIBERTY MUTUAL FOR DEFENSE COSTS AND PRE-JUDGMENT INTEREST

The Court previously held that Footstar and Liberty Mutual breached their duties to defend Kmart on January 23, 2008. (March 2012 Order). The parties have stipulated that Kmart incurred $50,220.50 in costs defending the *Patrick* Lawsuit after this date.[4] (Dckt. # 309). Thus, Liberty Mutual owes Kmart $50,200.50 in defense costs. Liberty Mutual further owes Kmart $62,764.30 in pre-judgment interest on Kmart's $310,000 settlement payment and $10,167.90 in pre-judgment interest on Kmart's $50,220.50 in defense costs. Therefore, the Court should enter judgment against Liberty Mutual for payment of $310,000 to indemnify Kmart for its settlement of the *Patrick* Lawsuit, $50,200.50 in defense costs, and $72,932.20 in total pre-judgment interest, for a total judgment, not including potential bad faith and punitive damages, of $433,132.70.

## CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff Kmart Corporation respectfully requests this Court grant its Motion For Entry Of Judgment Against Liberty Mutual Fire Insurance Company For $310,000 Plus Defense Costs And Pre-Judgment Interest, and grant such further relief as is just and appropriate

[4] Kmart reserves its right to seek payment on appeal of its $133,873.63 in defense costs for the Patrick Lawsuit incurred after June 4, 2007.

Date: November 12, 2012

Respectfully submitted,

____________/s/ Noel C. Paul_________

James M. Davis (6226698)
Paul R. Walker-Bright, Esq. (6226315)
Evan T. Knott, Esq. (6277800)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Telephone: (312) 207-1000
Fax: (312) 207-6400

Attorneys for Plaintiff Kmart Corporation

## CERTIFICATE OF SERVICE

I, Noel C. Paul, an attorney of record in this lawsuit, hereby certify that on November 12, 2012, true and accurate copies of the foregoing Kmart Corporation's Motion For Entry Of Judgment Against Liberty Mutual Fire Insurance Company For $310,000 Plus Defense Costs And Pre-Judgment Interest were served through the Court's electronic filing system to the following attorneys:

**Attorneys for Defendant Footstar, Inc.:**

Thomas W. Starck
Law Offices of Meachum & Starck
225 W. Washington Street, Suite 1400
Chicago, Illinois 60606
(312) 726-6317
Fax: (603) 334-9766
thomas.starck@libertymutual.com

David S. Osborne
James L. Wideikis
Lindsey, Rappaport & Postel, LLC
10 South LaSalle Street, Suite 1301
Chicago, Illinois 60603
(312) 629-0208
dosborne@lrplawfirm.com

**Attorney for Defendant Liberty Mutual Fire Insurance Company:**

Jay S. Judge, Esq.
Andrew Witik, Esq.
Judge, James & Kujawa, LLC
422 North Northwest Highway
Suite 200
Park Ridge, IL 60068
djudge3360@aol.com
awitik@judgeltd.com

/s/ Noel C. Paul
Noel C. Paul