| | |
|---|---|
| KMART CORPORATION, a Michigan corporation, ) ) ) | |
| ) | No. 09 CV 3607 |
| Plaintiff, ) ) | Magistrate Judge Susan E. Cox |
| v. ) ) | |
| FOOTSTAR, INC., a Delaware corporation, ) LIBERTY MUTUAL FIRE INSURANCE ) COMPANY, a Wisconsin corporation, ) ) | |
| Defendants. | |

### Order

Defendant Liberty Mutual Fire Insurance Company has filed a motion for summary judgment on the issue of bad faith, arguing that it cannot be guilty of bad faith in denying a defense and indemnity to Kmart Corporation. Kmart seeks to renew its motion for summary judgment with respect to Liberty's bad faith conduct. For the reasons set forth, we grant Liberty's motion for summary judgment [352] and deny Kmart's renewed motion with respect to bad faith [dkt. 208]. The parties are directed to submit a final judgment order to the Court's proposed order box on or before 1/9/14.

### Statement

This case has a long history that begins with an underlying accident that occurred in a Kmart store in Florida, when a customer, Judy Patrick, was injured by a baby car seat that fell off a shelf. Ms. Patrick filed a lawsuit, which ultimately settled. Since that time the insurance companies have been in battle over who should cover the costs of that settlement. We are now to the final stages of this case, after summary judgment rulings and a trial, when we must determine the issue of bad faith.

In Count five of its Second Amended Complaint, plaintiff Kmart Corporation ("Kmart") alleges that defendant Liberty Mutual Fire Insurance Company ("Liberty") acted in bad faith in refusing to defend and indemnify it in the underlying case involving Mrs. Patrick. (Liberty insured

defendant Footstar, Inc. ("Footstar"), which is the company that ran Kmart's shoe department). Now Liberty has filed a motion for summary judgment on the issue of bad faith, arguing that it cannot be guilty of bad faith in denying a defense and indemnity to Kmart. And in a footnote, Kmart seeks to renew its motion for summary judgment with respect to Liberty's bad faith conduct.[1] For the reasons set forth, we grant Liberty's motion [352] and deny Kmart's motion with respect to bad faith [dkt. 208].

**I.   Background Facts**

We have thoroughly reviewed the background of this case in our previous rulings, which we will not repeat here. The following, limited, review of those facts is taken from our Order on the cross-motions for summary judgment.[2]

As noted, while shopping at a Kmart store, Mrs. Patrick was struck and injured by a falling infant car seat that dislodged from one of the combination strollers. A year later, in May 2006, she and her husband sued Kmart, believing that only Kmart employees had been involved in her accident. Then in May 2007, the Patricks learned that a Footstar employee from the shoe department was also involved. The next month, Footstar reported the Patrick incident to Liberty as an "incident only" claim. But it was not until January 24, 2008 that Kmart's defense counsel sent a letter to Footstar requesting a defense and indemnity, as well as a copy of the Policy. Footstar forwarded the request to Liberty on January 30, 2008. The following day, the Patricks amended their complaint by naming Footstar as a defendant, and identifying Footstar's employee.

On February 1, 2008, Liberty decided to defend Footstar in connection with the Patrick Lawsuit. But on February 12, 2008, Liberty wrote a letter to Kmart's counsel refusing to defend or

---

[1] Kmart's Resp. at 4, dkt. 356.
[2] March 30, 2012 Order, dkt. 260.

indemnify Kmart in connection with the Patrick Lawsuit. Liberty admitted that "it did not determine" whether the Policy issued to Footstar covered Kmart "because Kmart did not a make a tender to Liberty for additional insured coverage."[3] Several months later, in October 2008, Kmart settled the case. Since that time, Kmart has sought reimbursement for the settlement amount, plus legal expenses, from Footstar and Footstar's insurer, Liberty.

## II. Summary Judgement Standard

Summary judgment is proper if the pleadings and the discovery materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[4] The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact.[5] If the moving party meets this burden, the nonmoving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial," and cannot rest on conclusory pleadings.[6] To properly oppose a motion for summary judgment, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[7]

## III. Analysis

Here, Liberty seeks summary judgment to determine, as a matter of law, that it did not act in bad faith in denying coverage or indemnity to Kmart for the Patrick accident. Specifically, Liberty argues that because the Court found a fact question existed as to whether Mrs. Patrick's accident

---

[3] March 30, 2012 Order at 18, dkt. 260.
[4] Fed.R.Civ.P. 56.
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[6] *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir.1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)).
[7] *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

arose out of Footstar's performance or failure to perform under the Master Agreement, there can be no bad faith finding. To the contrary, Kmart asserts that a fact question exists as to whether Liberty acted in bad faith in denying coverage and concurrently renews its motion for summary judgment on its claim of bad faith, claiming that the Court did not accept Liberty's interpretation of the contracts.

The parties agree that New Jersey law governs this issue. In New Jersey, the courts have adopted the "fairly debatable" standard, which is based on the idea that "when an insurer denies coverage with a reasonable basis to believe that no coverage exists, it is not guilty of bad faith even if the insurer is later held to have been wrong."[8] The rationale behind this standard is to provide the insurer the right to litigate a particular claim if it determines there is a question of law or fact "'which needs to be decided before it in good faith is required to pay the claimant.'"[9] To impose bad faith, the burden is on the insured to show that no debatable reason existed for the denial of benefits.[10]

The parties address both Liberty's refusal to defend and its failure to indemnify Kmart. Regarding the duty to defend, we found that Liberty's duty to defend was triggered, but not until January 24, 2008, the date when Kmart actually requested coverage. Prior to that date we held that,

> Kmart had not "properly and promptly" conveyed any information. Rather, Footstar learned of the *Patrick* lawsuit through general inquiries made by the Patricks' attorney. And, like all parties involved, it only knew that there was uncertainty as to how Footstar was involved.[11]

---

[8] *Hudson Universal, LTD v. Aetna Ins. Co.,* 987 F.Supp.337, 341 (NJ Dist Ct 1997).
[9] *Hudson,* 987 F.Supp. at 341 (quoting *Anderson v. Continental Ins. Co. v. Continental Ins. Co.,* 85 Wis.2d 675 (1978)).
[10] *Id.* at 342.
[11] May 1, 2012 Order at 10, dkt. 265.

We also acknowledged that the facts known to Footstar and Liberty prior to Kmart's formal request for coverage signaled a *potential* for coverage, but we could not rightfully find the duty to defend to be triggered prior to January 24, 2008 because "each party was responsible for why it took so long to get everyone at issue, including Kmart."[12]

As to Liberty's duty to indemnify, we held, "[g]iven the differing accounts of the Patrick incident, it remains unclear whether the Patrick injury *actually* arose out of Footstar's work..." and found that genuine issues of fact remained as to whether the injury implicated Footstar and, thereby, Liberty.[13] That is why we required a trial to determine fault.

We now apply those facts to the bad faith standard. First, we must reject Kmart's view that bad faith is automatic where a court decides that there was a duty to defend. Essentially, Kmart equates the broad duty to defend standard - whether there is a *potential* for coverage - with the "fairly debatable" standard. Kmart argues that if there was a potential for coverage, then there was no debatable reason for Liberty to have denied Kmart a duty to defend.

But we disagree with such a simplistic view. The New Jersey courts follow the rule that "an insurer's disclaimer of coverage cannot be held to be in bad faith unless the insured is granted summary judgment on the issue of coverage."[14] Liberty makes the distinction that this rule applies only to coverage, not the duty to defend. But even if we extend this rule to the duty to defend, as we indeed granted summary judgment on the duty to defend, we find the outcome is the same. We held that after Kmart officially requested a defense and indemnity, there was enough evidence (after-

---

[12] March 30, 2012 Order, dkt. 260; *see also* May 1, 2012 Order at 10, dkt. 265.
[13] May 1, 2012 Order at 5, 8, dkt. 265.
[14] *Hudson,* 987 F.Supp. at 342.

acquired information apart from simply the complaint)[15] that supported the potential that the "accident arose out of Footstar's 'work.'"[16] Liberty's duty to defend, therefore, was triggered.

Yet, even where summary judgment is granted, if the coverage issue was still "fairly debatable" at the time, the insurer's decision does not constitute bad faith.[17] That is, courts are to assess whether the debatable issue was "'well-grounded in the law.'"[18] Despite ruling against Liberty, thereby disagreeing with its position to refuse a defense, we cannot say that Liberty's position was unfounded.[19] Rather, Liberty relied on a different view of the contractual language regarding Footstar's "work." To find bad faith we would need to determine that Liberty had no reasonable basis for its position, or that it had a "reckless disregard of the lack of a reasonable basis" for its decision.[20] Kmart charges in its complaint that Liberty's actions resulted in "vexatious and unreasonable delay," made "without any arguable basis for denial of coverage..."[21] But put simply, Liberty's position was not so "obviously incorrect"[22] or without justification because, as we discussed thoroughly in our previous rulings, there was the potential that the accident did not involve Footstar's "work."[23] The burden rests with Kmart to support its allegation of bad faith, and without additional evidence, we find that it has not met that burden with respect to Liberty's denial of a duty to defend.

---

[15] March 30, 2012 Order at 35, dkt. 260 (citing *Abouzaid v. Mansard Gardens Associates, LLC.,* 207 N.J. 67, 86 (2011)).
[16] March 30, 2012 Order at 35, dkt. 260.
[17] *Id.*
[18] *The Mennen Co. v. Atlantic Mut. Ins. Co., et al.,* No. 93-5273, 1999 WL 33654297, *8 (D.N.J., Oct. 26, 1999)(quoting *Hudson,* 987 F.Supp. at 342, n. 4).
[19] *See Villa Enterprises Mgmt. Ltd. v. Federal Ins. Co.,* 360 N.J. Super. 166, 187 (N.J. Super. 2002)(holding that though the insurer had "no reasonable basis for denying coverage," as the denial was "inappropriate, it was nevertheless not unreasonable under the circumstances...").
[20] *See Pickett,* 131 N.J. at 473, 621 A.2d at 453.
[21] Second Amended Compl., ¶¶91-92, dkt. 73.
[22] *See Villa Enterprises Mgmt. Ltd.,* 360 N.J. Super. 189.
[23] *Hudson,* 987 F.Supp. at 342 (referencing a case where the insurer did not act "without justification.").

Second, Kmart's argument also fails when applying the law of bad faith to the indemnity question. Here, again, the rule applies that Kmart would have to establish as a matter of law a right to summary judgment before it could claim bad faith on the part of Liberty. The law also provides that Liberty, as the insurer, has the right to litigate a claim that it determines is in question.[24] We found there was indeed a question of fact, which required a trial on the issue of fault.

Nonetheless, Kmart attempts to revisit our analysis of whether Mrs. Patrick's injury arose out of Footstar's "work," and focuses on the "failure" of Liberty's defenses at the summary judgment stage of the case. Kmart also refers to Liberty's reliance on a version of the facts that was one-sided: that Liberty based its denial on an erroneous belief that the Master Agreement only covered Kmart for incidents involving shoes.[25] Though we disagreed with Liberty's reading of the contractual language, we nonetheless found that a question of fact remained as to how Mrs. Patrick was injured. We held that without a trial we could not, as a matter of law, determine whether Mrs. Patrick's injury actually, rather than potentially, arose out of Footstart's work or services.[26]

Liberty's disclaimer of coverage cannot be held to be in bad faith if Kmart could not establish as a matter of law a right to summary judgment, and we found that it could not. Implicit in the test adopted by the New Jersey courts is the conclusion that the tort of bad faith is an intentional one, requiring a finding that the insurance company acted with reckless "indifference to facts" submitted by the insured.[27] When we could not resolve the issue as a matter of law, it follows that we cannot find that Liberty acted with reckless indifference to the facts. It had a legitimate question regarding coverage. We cannot, then, extend bad faith to Liberty's denial of coverage.

---

[24]*Id* at 341 (quoting *Anderson,* 85 Wis.2d at 377).
[25]Kmart's Resp. at 12, dkt. 356.
[26]May 1, 2012 Order at 8, dkt. 265.
[27]*Pickett,* 131 N.J. at 473, 621 A.2d at 453.

## IV. Conclusion

For the reasons set forth, we grant Liberty's motion for summary judgment [352] and deny Kmart's renewed motion with respect to bad faith [dkt. 208]. The parties are directed to submit a final judgment order to the Court's proposed order box on or before 1/9/14.

**IT IS SO ORDERED.**

**ENTERED: December 18, 2013**

**UNITED STATES MAGISTRATE JUDGE**

**Susan E. Cox**